**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

RENATO RIBEIRO DOS SANTOS

Petitioner,

v.

ANTONE MONIZ, Superintendent, Plymouth County Correctional facility, PATRICIA HYDE, Field Office Director, MICHAEL KROL, HSI New England Special Agent in Charge, MARKWAYNE MULLIN, Secretary of Homeland Security, and TODD BLANCHE, Attorney General of the United States

Case Number 26-13368

**PETITION FOR WRIT OF HABEAS CORPUS**

INTRODUCTION

1. It is our understanding that the Petitioner, Renato Ribeiro Dos Santos, a citizen and national of Brazil, entered the United States on or about February 10, 2025, without inspection somewhere in Texas.

2. Based upon our understanding and belief, Petitioner was detained by immigration officials while outside in front of his home on Monday July 20, 2026, at approximately 6:05am.

3. Based on information and belief, Petitioner is currently detained at the Plymouth

County Correctional Facility (PCCF), in Plymouth Massachusetts.

4. Petitioner has continuously remained in the United States since his entry into the United States on or about February 10, 2025.

5. Petitioner currently lives in Milford Massachusetts.

6. On information and belief, Petitioner has not been arrested, charged or convicted of any crime that would subject him to the Laken Riley Act under 8 USC 1226 (c).

7. Petitioner is eligible for a bond hearing since he has been present in the interior of the United States since about February 10, 2025.

8. "Section 1226 generally governs the process of arresting and detaining that group pending their removal. Except as provided in subsection ( c ) of this section, "the Attorney General "may release" an alien detained under Section 1226(a) "on… bond" or conditional parole. "*Ibid.* " Jennings v. Rodriguez 583 USC 281, 288.In addition, there have been a line of cases in the United States District Court for the District of Massachusetts that indicate that the Petitioner should be eligible for a bond hearing under 8 USC 1226 (a). See De Andrade v. Moniz, 2025 WL 2841844 (D. Mass Oct 7, 2025, Dume Rivera et al. v. Moniz, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), 25-cv-13779-FDS, etc.

9. Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.

10. Petitioner asks this Court to order his immediate release, since he believes he is detained under 8 U.S.C 1226 (a), since he is not a danger to the community or a flight risk, and he is not subject to the Laken Riley Act under 8 USC 1226 (c).

11. In the alternative, Petitioner asks this Court to order that he is detained under 8 U.S.C § 1226 (a) and that he must be provided a bond hearing before this Court or

the Immigration Court.

JURISDICTION

12. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

13. Venue is proper because Petitioner was arrested in Massachusetts and is now detained at the Plymouth County Correctional Facility in Plymouth Massachusetts.

.

PARTIES & FACTS ALLEGED

14. The Petitioner is Renato Ribeiro Dos Santos.

15. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility.

16. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

17. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

18. Respondent Markwayne Mullin is the U.S. Secretary of Homeland Security.

19. Respondent Todd Blanche is the Attorney General of the United States.

20. All respondents are named in their official capacities.

21. On information and belief, Petitioner is currently in custody in the District of Massachusetts and one or more of the Respondents is his immediate custodian.

22. On Information and belief, Petitioner is currently detained at the Plymouth County Correctional Facility (PCCF), in Plymouth Massachusetts. He was transferred to PCCF after initially being processed at the Burlington Massachusetts ICE Field Office. (BMIFO)

23. Antone Moniz is the Petitioner's immediate custodian.

24. Based on recently issued case law and practices by Respondents, Petitioner expects that Respondents will declare he is detained pursuant to 8 U.S.C. § 1225 as an applicant for admission and impose mandatory detention.

25. Petitioner believes he is eligible for bond based on 8 U.S.C. 1226(a).

26. Petitioner claims that an immigration official at the BMIFO forced him to sign deportation paperwork. The official said that if you do not sign the paperwork, you will be sent to a federal jail where you will spend between two to ten years in jail with no opportunity for bail. The petitioner was not provided a Portuguese interpreter, (his best language is Portuguese) to translate the document from English to Portuguese. The Petitioner was compelled to sign the paperwork for fear of being incarcerated for an extended period of time.

## ARGUMENT AND AUTHORITIES

This case concerns two different detention provisions in the INA- 8 U.S.C. section 1226 (a) and 8 U.S.C. section 1225 (b)(2). Section 1226 (a) permits release from detention on bond, while section 1225 (b)(2) makes detention mandatory. The plain language of these provisions confirms that Section 1226 (a) applies to the Petitioner.

Section 1226 (a) applies broadly to anyone who is detained "pending a decision on whether the alien is to be removed from the United States. "8 U.S.C. section 1226 (a); see

Jennings v. Rodriguez, 583 U.S. 281, 288 (2018) (describing Section 1226 (a) as the "default rule" and applicable when an individual is "already in the country"). This includes individuals who are "inadmissible" as well as "deportable." *Id.,* at section 1226 ( c ) (excepting certain inadmissible non-citizens from bond procedures in Section 1226 (a)).

In contrast, Section 1225 (b)(2) applies to "applicant[s] for admission" who are "seeking admission" to the United States. 8 U.S.C. section 1225(b)(2)(A). This provision is primarily concerned with non-citizens who are "seeking entry into the United States," not individuals who have resided in the United for several years. Jennings v Rodriquez, 583 U.S. 281. 297.

On September 5, 2025, the Board of Immigration Appeals (BIA) ruled in *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025), that … Aliens who are present in the United States without admission as defined under section 235(b)(2)(A) of the INA, 8 USC 1225 (b)(2)(A), and must be detained for the duration of their removal proceedings.", … and the "court lacked authority to hear the respondent's request for a bond as the respondent is an applicant for admission and is subject to mandatory detention….." Although this case was subsequently overturned by the United States District Court for the Central District of California in Maldonado Bautista v. Ernesto Santacruz Jr. and judgement enforced on February 18, 2026, case N0. 5:25-cv-01873-ssss-BFM, it is not clear whether the Petitioner is included in the class that would permit him to go before an Immigration Court and where the Immigration Court would have jurisdiction to hear his bond case.

The BIA and the Immigration Courts are part of the Executive Branch of the United States. The Immigration Courts and the Executive Office for Immigration Review (EOIR) are part of the U.S. Department of Justice. Their website states in part the following:

"The Board of Immigration Appeals (BIA) is the highest administrative body for interpreting and applying immigration laws."

As the Court in Loper Bright Enterprises v Romando, 603 U.S.______P.21 states "Chevron defies the command of the APA that "the reviewing court"-not the agency whose action it reviews-is to decide all relevant questions of law" and interpret…statutory provisions. Section 706(emphasis added). "

It is up to this Court (the United States District Court for the District of Massachusetts) the reviewing Court, to decide all questions of law and interpret statutory provisions, not the BIA, which an agency of the federal government.

Consequently, this district court has ruled as follows: "For the reasons discussed in *Sampiao*, as well as those in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases), petitioners who are detained under 8 U.S.C. § 1226(a) are not subject to the mandatory detention provisions of 8 U.S.C.§ 1225(b)(2). Because petitioners are not applicants for admission under § 1225 and because they reside in the United States, they are entitled to due-process protections. See *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").2… Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED." Dume Rivera et al. v. Moniz, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), 25-cv-13779-FDS.

Petitioner contends that he is not an applicant for admission under section 1225. He

has remained in the United States since his entry into the United States on or about February 10, 2025. He was recently detained by immigration officials on July 20, 2026.

He is entitled to not only due process protections, he is eligible for bond based on 8 USC 1226 (a), and prior rulings of this Court.

Most recently, on information and belief, on January 13, 2026, Chief Immigration Judge Teresa L. Riley issued nationwide guidance which in effect denies bond hearings in the Immigration Court to those similarly situated as the Petitioner. Our understanding is she sent guidance to all Immigration Judges throughout the United States the following guidance. The guidance states "Maldonado Bautista is not a nationwide injunction and does not purport to vacate, stay, or enjoin Yajure Hurtado. Therefore, Yajure Hurtado remains binding precedent on agency adjudicators. For clarification, declaratory judgements differ from injunctions in that the former clarifies parties' legal rights and relationships without ordering specific action while the latter is a court order compelling a party to do or stop doing a specific act. A declaratory judgement is not an equitable remedy and does not by itself, have the effect of compelling specific action by a party."

As mentioned earlier, the United States District Court for the Central District of California in the Maldonado Bautista case overturned Yajure Hurtado and issued an Order granting Plaintiff Petitioner' Motion to enforce judgement. However, it is not clear whether the Petitioner fits into the class which would enable the Immigration court to have jurisdiction to hear petitioner's bond case or whether or not he is eligible to be considered a class member.

In addition, on December 19, 2025, this Court issued a ruling in Guerrero Orellana v. Moniz, case No. 1:25-cv-12664-PBS which provided certain undocumented aliens bond hearing provided they meet the conditions for being included in the class. However, based on

this Counsel's experience in the Chelmsford Immigration Court, even if a detainee meets the conditions for class membership, the Chelmsford Massachusetts Immigration Court is determining that these class members are not eligible for a bond hearing, essentially defying a Federal District Court order.

The Immigration Court, for those without a Habeas Order from a Federal District Court Ordering a bond hearing, may not be given a bond hearing by the Immigration Court if the petitioner does or does not fit into the Maldonado Bautista class or the Guerrero Orellana class. Therefore, because the Petitioner entered the United States, even though he entered in February 2025, Petitioner believes that Respondents will claim that the Petitioner is not eligible for a bond hearing. That claim would violate the Due Process Clause under the US Constitution, the federal statute under 8 USC 1226 (a), and an entire line of cases before this Court as outlined in this Petition.

## CLAIMS FOR RELIEF COUNT ONE

**Violation of Fifth Amendment Right to Due Process and the Federal Statute 8 USC 1226 (a) as well as this Court's prior rulings.**

On information and belief, Petitioner is currently being arrested and detained in the District of Massachusetts, by federal agents without cause and in violation of his constitutional due process of law rights and in violation of 8 USC 1226 (a), and in violation of this Courts prior decisions including but not limited to *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v.Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025).

PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

1) Assume jurisdiction over this matter;
2) Order that Petitioner shall not be transferred outside the District of Massachusetts;
3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;
4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;
5) Declare that Petitioner's detention violates 8 USC 1226 (a);
6) Declare that Petitioner's detention violates various rulings by this Court including, but not limited to De Andrade v Moniz, 2025 WL 2841844 and Dume Rivera v Moniz WL 3198419.
7) Issue a Writ of Habeas Corpus ordering Respondents to provide for Petitioner's immediate release from ICE custody;
8) As an alternative to ordering Petitioner's immediate release from ICE custody, Issue a Writ of Habeas Corpus ordering a bond hearing before this Court, or ordering Respondents to provide Petitioner with a bond hearing before the Immigration Court.
9) Grant any further relief this Court deems just and proper.

Dated this 22nd day of July 2026

Respectfully submitted,

Daniel Marc Kravitz, Esq.
Law Office of Stephen E. Bandar
2000 Massachusetts Ave, Ste 2
Cambridge, MA 02140
781-866-3187
BBO #657056
dkravitz@bandarlawoffice.com
*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2026, I served a true and correct copy of the foregoing Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 upon all parties (including

Respondents) on file by first-class mail, postage prepaid, and/or by electronic filing through the Court's CM/ECF, PACER system.

Daniel Marc Kravitz, Esq.
*Counsel for Petitioner*

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner Renato Ribeiro Dos Santos, and, under the penalty of perjury, I submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 22nd day of July 2026.
Counsel for Petitioner

Daniel Marc Kravitz, Esq.
*Counsel for Petitioner*