**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| **RIBEIRO-DOS SANTOS, Renato** | ) | |
| | ) | |
| **A** [redacted] | ) | **In Bond Proceedings** |
| | ) | **DETAINED** |
| **Respondent** | ) | |

**APPLICATION**: Motion for Custody Redetermination

**ON BEHALF OF THE RESPONDENT:**
Daniel Kravitz, Esq.
Law Offices of Stephen E Bandar
2000 Massachusetts Avenue, Suite 2
Cambridge, Massachusetts 02140

**ON BEHALF OF DHS:**
Andrew Farrell, Esq., Assistant Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
150 Apollo Drive
Chelmsford, Massachusetts 01824

## BOND ORDER OF THE IMMIGRATION JUDGE

### I. PROCEDURAL HISTORY

On July 20, 2026, the U.S Department of Homeland Security ("DHS") detained the Respondent, Mr. Renato Ribeiro-Dos Santos ("Respondent"). Bond Exh. 3 at 3. The Chelmsford Immigration Court ("Court") convened for a custody redetermination hearing on August 4, 2026, pursuant to an order issued by the United States District Court for the District of Massachusetts. Bond Exh. 1.

### II. DOCUMENTARY EVIDENCE[1]

**Bond Exhibit 1**: DHS' Notice of U.S. District Court Order for Custody Hearing Respondent is Currently Detained at Plymouth (July 30, 2026)

[1] The record of these proceedings is maintained in an electronic format through the EOIR Courts and Appeals System. For clarity the Court will cite to specific pages using the exhibit and page number that EOIR generates when a filing is uploaded to the eROP. These page numbers appear in the bottom left corner of the exhibits (e.g "EOIR – 1 of 10").

**Bond Exhibit 2**: Evidence for Bond Redetermination for Hearing (Habeas Corpus) (Aug. 3, 2026)

**Bond Exhibit 3**: Form I-213, Record of Deportable/Inadmissible Alien (Aug. 3, 2026)

**Bond Exhibit 4**: Supplemental Evidence for Bond Redetermination Hearing (Aug. 4, 2026)

## III. STANDARDS OF LAW

The Court may review the custody status of a respondent in removal proceedings, provided that the respondent is not subject to mandatory detention pursuant to section 236(c) of the Immigration and Nationality Act ("INA" or "Act"). INA § 236(a). When reviewing a respondent's custody status, the Court may order DHS to (1) continue to detain the respondent or (2) release the respondent on either a bond of not less than $1,500.00 or conditional parole. *Id.* Pursuant to the opinion of the First Circuit, DHS bears the burden of proof in custody redetermination proceedings. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). For the Court to order no change in a respondent's custody status, DHS must prove by clear and convincing evidence that the respondent poses a danger to the community or prove by a preponderance of the evidence that the respondent poses a risk of flight. *Id.*; *see also* 8 C.F.R. §§ 1003.19(h)(3), 1236.1(c)(8).

DHS bears the burden to demonstrate respondent's danger to the community by clear and convincing evidence. *Hernandez-Lara*, 10 F.4th at 41. Clear and convincing evidence is a standard of proof which requires more than the preponderance of the evidence standard applied in most civil cases, but less than the beyond a reasonable doubt standard used in criminal proceedings. *Addington v. Texas*, 441 U.S. 418, 425 (1979). The Board of Immigration Appeals ("BIA" or "Board") defined clear and convincing evidence as "that degree of proof though not necessarily conclusive, which will produce in the mind of the court a firm belief or conviction, or as that degree of proof which is more than a preponderance but less than beyond a reasonable doubt." *Matter of Patel*, 19 I&N Dec. 774 (BIA 1988) (quoting *Matter of Carrubba*, 11 I&N Dec. 914, 917 (BIA 1966)).

The Board has consistently held that the following factors are significant in custody redetermination:

1. Fixed address in the United States. *Matter of Patel*, 15 I&N Dec. 666, 667 (BIA 1979);
2. Length of residence in the United States. *Matter of Shaw*, 17 I&N Dec. 177, 178 (BIA 1979);

3. Family ties in the United States, particularly those which can confer immigration benefits on the respondent. *Matter of Shaw*, 17 I&N Dec. at 178; *Matter of Patel*, 15 I&N Dec. at 667;
4. Employment history in the United States, including length and stability. *Matter of Shaw*, 17 I&N Dec. at 178; *Matter of Patel*, 15 I&N Dec. at 667;
5. Immigration record and eligibility for relief from removal. *Matter of Andrade*, 19 I&N Dec. 488, 491 (BIA 1987); *Matter of Shaw*, 17 I&N Dec. at 178;
6. Attempts to escape from authorities or other flight to avoid prosecution. *Matter of San Martin*, 15 I&N Dec. 167, 169 (BIA 1974);
7. Prior failures to appear for court proceedings. *Matter of Shaw*, 17 I&N Dec. at 178; *Matter of San Martin*, 15 I&N Dec. at 169; and
8. Criminal record, particularly if such record indicates consistent disrespect for the law. *Matter of Andrade*, 19 I&N Dec. at 490-91.

The Court may base a custody or bond determination upon any information that is available or that is presented by the respondent or DHS. 8 C.F.R. § 1003.19(d). It is the responsibility of the Court and parties to ensure that the bond record establishes the nature and substance of the information considered. *Matter of Adeniji*, 22 I&N Dec. 1102, 1115 (BIA 1999).

## IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court has jurisdiction to consider the Respondent's request for custody redetermination pursuant to an order issued by the United States District Court for the District of Massachusetts. Bond Exh. 1. After carefully considering the documentary and testimonial evidence and the arguments raised by both parties, the Court finds that DHS has met its burden of establishing, by a preponderance of the evidence, that the Respondent is a flight risk. *Hernandez-Lara*, 10 F.4th at 41.

DHS argued that the Respondent poses a danger to the community because of his traffic violations including operating a motor vehicle after a suspended license and vandalizing property. Bond Exh. 3 at 4. Contrary, Counsel for the Respondent ("Counsel") emphasized that the Respondent does not pose a danger to the community because his traffic violations have been dismissed. *See id.*

The Court considered the record and finds that DHS has not met its burden of proving that the Respondent poses a danger to the community by clear and convincing evidence. *Hernandez-Lara*, 10 F.4th at 41. The record before the Court does not provide a full account of the Respondent's dismissed motor vehicle infractions. Bond Exh. 3 at 4. Although the Court does not condone the Respondent's motor vehicle infractions, the Cout is unable to find that DHS has met

the high standard of clear and convincing. *Hernandez-Lara*, 10 F.4th at 41; *Matter of Patel*, 19 I&N Dec. at 774.

With respect to flight, the Court finds that DHS has met its burden. *Hernandez-Lara*, 10 F.4th at 41. First the Court notes that the Respondent filed his Form I-589, Application for Asylum and for Withholding of Removal ("asylum application"), however relief is speculative. *Matter of Shaw*, 17 I&N Dec. at 178; *Matter of Andrade*, 19 I&N Dec. at 490; Bond Exh. 2 at 40. Of significance to the Court is that on September 15, 2024, the Respondent departed the United States but was encountered by immigration officials on September 25, 2025, thereby establishing that he unlawfully entered the United States after being ordered removed. Bond Exh. 3 at 4. Further, when the Respondent was encountered on September 25, 2025, the Respondent fled on foot attempting to evade detention. *Id*. at 2. The Respondent's repeated unlawful entries into the United States and attempted evasion of immigration officials shows a disregard for the immigration laws of the United States. *Matter of Andrade*, 19 I&N Dec. at 91; *Matter of Shaw*, 17 I&N Dec. at 178. Ultimately, the record before the Court is sufficient to illustrate that the Respondent poses a risk of flight. *Hernandez-Lara*, 10 F.4th at 41.

The Court also considered the positive equities in the Respondent's Case. The Respondent has permanent ties to the United States, including owning a business. Bond Exh. 2 at 62. Additionally, the Respondent has filed his taxes. *Id*. at 64-65. Finally, the Court notes that the Respondent has not been convicted of any crimes. The Court finds that the foregoing positive equities are insufficient to diminish the Respondent's repeated disregard for the immigration laws of the United States. *See Matter of A-L-S-*, 29 I&N Dec. 794, 797 (BIA 2026) ("Inherent in the concept of flight risk is not only whether the alien will appear at future hearings before the Immigration Judge, but also whether the alien is likely to comply with future orders of the Immigration Judge."). Moreover, the Court finds that no amount of bond or alternatives to detention would mitigate the Respondent's flight risk. Accordingly, the Court orders that there be no change in the Respondent's custody status. For these reasons, the Court **ORDERED** that bond be **DENIED**.

August 4, 2026
Date

**JULIAN NIERVA**
Immigration Judge

**Appeal Rights**: If any party elects to appeal this decision, the Notice of Appeal must be received by the Board of Immigration Appeals within thirty (30) days from the date of this

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)
TO: [M] Noncitizen [ ] Noncitizen c/o Custodial Officer [E] Noncitizen 's ATT/REP [E] DHS
DATE: 08/05/2026 BY: COURT STAFF GV
Attachments: [ ] EOIR-33 [ ] EOIR-8 [ ] Legal Services List [ ] Other