UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RENATO RIBEIRO DOS SANTOS,

Petitioner,

v.

ANTONE MONIZ, *et al.*,

Respondents.

No. 1:26-cv-13368-PBS

**RESPONSE TO MOTION TO ENFORCE JUDGMENT**

Petitioner received a bond hearing on August 4, 2026, and was held as a flight risk. Petitioner filed a motion to enforce, challenging his detention in immigration court.

The Court should deny Petitioner's motion for two reasons: 1) because 8 U.S.C. § 1226(e) prohibits judicial review of the IJ's bond decision; and 2) because Petitioner's recourse is to exhaust administrative remedies by appealing the IJ's decision to the Board of Immigration Appeals ("BIA"), as Petitioner has reserved his right to do. 8 C.F.R. § 236.1(d)(3)(i).[1]

**1. This is an Immigration Court Matter:**

Congress has made clear that "discretionary judgment[s] regarding the application of [Section 1226] shall not be subject to review." 8 U.S.C. § 1226(e). Section 1226(e) further commands that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."

[1] Applicable regulations allow a second bond hearing before an immigration judge only on a non-citizen's request "upon a showing that the [non-citizen's] circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e).

*Id.* Therefore, this Court lacks jurisdiction to reweigh the evidence presented in Immigration Court and overturn the IJ's denial of bond.

Supreme Court has explained that Section 1226(e) strips courts of jurisdiction when an alien challenges a "'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Demore v. Kim*, 538 U.S. 510, 516 (2003).[2]

If the challenge presented is simply to an IJ or BIA decision regarding bond as Petitioner has raised here, then Section 1226(e) strips this Court of jurisdiction to review this claim. *See Nielsen* 586 U.S. at 401 (explaining that Section 1226(e) "applies only to 'discretionary' decisions about the 'application of § 1226 to particular cases."). As explained by the First Circuit, Section 1226(e) deprives the district court of jurisdiction if the petition is a "challenge [to] the IJ's ultimate exercise of discretion" rather than a challenge to the general statutory framework. *Hernandez-Lara v. Lyon*, 10 F.4th 19, at 33 (1st Cir. 2021).

Other sessions of this court have recognized that Section 1226(e) prohibits judicial review of discretionary bond decisions made by the IJ or the BIA. *See e.g.*, *Martinez v. Hyde,* 810 F.Supp 3d 135, 141 (D. Mass 2025)) (acknowledging 1226(e) strips courts of jurisdiction over discretionary bond decisions); *Dos Reis*, No. CV 25-10497-RGS, 2025 WL 1043434, at *2 (explaining that challenge to IJ's flight risk finding allegedly "based on insufficient (or

---

[2] Section 1226(e) does not, however, bar jurisdiction of a challenge to "the extent of the Government's detention authority under the statutory framework as a whole" or to a challenge as to "the constitutionality of the entire statutory scheme under the Fifth Amendment." *Jennings v. Rodriguez*, 583 U.S. 281, 296-97 (2018). While Petitioner brings this challenge under the Fifth Amendment, he is not challenging the constitutionality of the statute, but rather the IJ's determination.

insufficiently articulated evidence) … is precisely the type of alleged error committed to review by the BIA."); *Mayancela Mayancela v. FCI Berlin, Warden*, No. 25-CV-348-LM-TSM, 2025 WL 3215638, at *6 (D.N.H. Nov. 18, 2025) (denying challenge to bond decision explaining "[t]hat Mayancela disagrees with the IJ's application of the preponderance-of-the-evidence standard does not show that the IJ failed to apply it."); *but see Miti v. Moniz*, 2026 WL 884639, at *6 (D. Mass. Mar. 31, 2026).[3]

These decisions are in accord with decisions from this District Court over the past fifteen years. For example, in *Diaz Ortiz*, the court held that it lacked jurisdiction over a challenge to "the immigration judge's weighing of the evidence and exercise of discretion with respect to dangerousness." 384 F. Supp. 3d at 144. Similarly, in *Flores-Powell*, 677 F. Supp. 2d at 474–75, the court explained "that Congress has evinced clear and unequivocal intent that discretionary bail determinations under § 1226(a) should be made by the Attorney General or those to whom he has delegated this function." Citing Section 1226(e), the court acknowledged that it lacked "jurisdiction to review a discretionary bail determination made pursuant to § 1226(a)."

Here, Petitioner asks this Court to relitigate the bond hearing and reach a different conclusion than that reached by the IJ. As noted by another session, "[w]hether this court might have reached a different result if considering the issue de novo or in the context of a bail review in a criminal case … is not relevant." *Massingue v. Streeter*, No. 3:19-CV-30159-KAR, 2020 WL 1866255, at *5 (D. Mass. Apr. 14, 2020). When a petitioner simply "disagrees with the

[3] Respondents acknowledge, but respectfully disagree with, this decision by another session of this District, which is not binding on this Court.

immigration judge's weighing of the evidence and exercise of discretion with respect to dangerousness … [t]he Court does not have jurisdiction to hearing such a challenge." *Id.*

Respondents acknowledge that district courts have provided limited review of IJ bond decisions in situations "when a district court has previously entered a conditional grant of habeas relief" ordering such a bond hearing. *See e.g.*, *Miti v. Moniz*, 2026 WL 884639, at *6 (D. Mass. Mar. 31, 2026), *Massingue*, 2020 WL 1866255 at *3; *Diaz Ortiz*, 384 F. Supp. 3d at 142-43 (finding jurisdiction to ensure compliance with a court order granting habeas relief). In the narrow circumstances in which a district court has reviewed an IJ bond decision, courts acknowledge the significant deference owed the IJ as the factfinder. *Massingue*, 2020 WL 1866255 at 4. Typically, courts consider whether "the decisionmaker erred because the evidence itself could not – as a matter of law – have supported the adjudicator's conclusion." *Id.*; *see also Diaz Ortiz,* 384 F. Supp. 3d at 144 (habeas relief is appropriate only if the immigration judge's "exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process").

Another session of this Court denied a petitioner's motion to relitigate an immigration bond hearing. *Orozco Mazariegos v. Moniz*, 26-cv-10902-DJC, Docket at 15, (D. Mass. April 17, 2026). In *Orozco Mazariegos*, Judge Casper held that the court had jurisdiction over the immigration bond hearing to determine constitutionally mandated burdens of proof, but that the court's review at this context is "highly circumscribed." *Citing, Hernandez-Azuaje v. Hyde*, No. 25-cv-13224-ADB, 2026 WL 221833, at *1 (D. Mass. Jan. 28, 2026). Where the IJ had reviewed a detailed police report that showed petitioner was driving with a blood alcohol level of .18, Judge Casper could not conclude as a matter of law that the IJ had not applied the correct standard (citing *Hernandez-Lara* supra).

Here the Immigration Judge reviewed documents reflecting Petitioner's flight from authorities.[4] Those records included Petitioner's 2024 departure to Panama, followed by an entry without inspection into the U.S., a 2025 departure to Panama, followed by yet another entry without inspection into the U.S. Finally, the records show that when deportation officers tried to arrest Petitioner, he fled from them. After hearing extensive argument from counsel, the immigration judge found that Petitioner's history of flight deemed him a flight risk and ordered him detained.

On that record, this Court "cannot say that the immigration judge's conclusion that it amounted to clear and convincing evidence of dangerousness was 'so arbitrary that it would offend fundamental tenets of due process." *Orozco Mazariegos*, Docket at 15, *citing Hernandez-Azuaje*, 2026 WL 221833, at *2 (*quoting Diaz Oritz*, 384 F. Supp. 3d at 144).

**2. Petitioner Must Exhaust His Administrative Remedies:**

"Generally speaking, a plaintiff's failure to exhaust [his] administrative remedies precludes [him] from obtaining federal review of claims that would have properly been raised before the agency in the first instance." *Brito v. Garland*, 22 F.4th 240, 255 (1st Cir. 2021). Exhaustion "allows an agency the first opportunity to apply its expertise and obviates the need for judicial review in cases in which the agency provides appropriate redress." *Id*. at 256 (cleaned up) (quoting *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 175–76 (1st Cir. 2016)); *see also Dos Reis v. Vitello*, No. 25-10497-RGS, 2025 WL 1043434, at *2 (D. Mass. Apr. 8, 2025) (holding that an immigration judge's finding of risk of flight based on allegedly

[4] These materials have been manually filed as they contain extensive personal identifying information that cannot reasonably be redacted.

"insufficient . . . evidence" was "precisely the type of alleged error committed to review by the BIA").

Petitioner can appeal the IJ's ruling to the Board of Immigration Appeals. Petitioner's "appeal to the BIA . . . [is not] 'futile' or 'wasteful[,]'" at this time even if "the result may not be as expeditious as one might wish[.]" *Dos Reis*, 2025 WL 1043434, at *2 (concluding that an appeal pending before the BIA for more than four months was not so "'prolonged' as to rise to a violation of due process").[5]

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court deny Petitioner's motion for a new bond hearing or release.

Dated: September 9, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Ben Tolkoff*
BENJAMIN TOLKOFF
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3183
Benjamin.Tolkoff@usdoj.gov

[5] *But see, e.g.*, *Picado v. Hyde*, No. 26-cv-065, 2026 WL 352691, at *5-6 (D.R.I. Feb. 9, 2026) (waiving exhaustion when appeal of a bond order to the BIA would harm petitioner irreparably due to loss of liberty).

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on September 9, 2026.

*/s/ Ben Tolkoff*
BENJAMIN TOLKOFF
Assistant U.S. Attorney